# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**IRGUIS JOSE FONTALVO-PELAEZ**                                        **PETITIONER**

No. 2:24-cv-00206 JM/PSH

**CHAD GARRETT, Warden**
**FCI Forrest City**                                                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSTION

Petitioner Irguis[1] Jose Fontalvo-Pelaez ("Fontalvo-Pelaez") filed this habeas

---

[1] There is some debate about the spelling of the petitioner's first name. It appears that "Irguis" is the correct spelling.

corpus action, admittedly not challenging his conviction.[2] Further, he is *not* claiming denial of earned credits under the First Step Act ("FSA"), enacted in December, 2018. 18 U.S.C. § 3621 et seq. Instead, Fontalvo-Pelaez concedes he is earning FSA credits but wants the Court to issue an order to the Bureau of Prisons ("BOP") to "protect and preserve" his FSA credits. Doc. No. 1, page 10. He is concerned that his immigration detainer may jeopardize his FSA credits.

Respondent Chad Garrett ("Garrett") agrees that Fontalvo-Pelaez is eligible to earn FSA time credits and has in fact earned 365 days of credit toward his release and 370 days of credit to be applied toward transfer to a residential reentry center or home confinement. Doc. NO. 4, pages 1-2. Garrett indicates Fontalvo-Peleaez currently has a projected release date of May, 21, 2029, with his FSA credits applied. Garrett states that inmates with immigration detainers, such as Fontalvo-Pelaez, can have FSA time credits applied to their sentences. This application of credits represents a February 2023 change in BOP policy. One Court described the change in policy as "unmistakable: an immigration detainer, without more, no longer precludes a federal prisoner from applying earned time credits." *Alatorre v. Derr*, 2023 WL 2599546 (D. Haw. Mar. 22, 2023).

The petition should be dismissed for lack of jurisdiction.

---

[2] Fontalvo-Pelaez was convicted in 2020 of conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. He was sentenced to 188 months' imprisonment.

Article III of the United States Constitution limits the power of federal courts to "cases" and "controversies." U.S. CONST. art III, § 2. The United States Supreme Court has explained that, at a minimum, a petitioner bears the burden of establishing three elements in order to invoke federal jurisdiction: (1) petitioner must have suffered an injury in fact; (2) there must be a causal connection between the injury and the condition complained of; and (3) it must be likely, not speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-561 (1992). *See also Diaz-Perez v. Yates*, 2022 WL 21769836 (E.D. Ark. Sept. 16, 2022).

Fontalvo-Pelaez does not have standing to invoke federal jurisdiction. He has, by his own admission, suffered no injury. He has earned credits under FSA toward his release and toward placement prior to release. His request is an invitation for the Court to weigh in as insurance against the possibility of a future injury. This would amount to an advisory opinion without the possibility of any judicial relief. The Constitution requires actual injury and does not sanction the issuance of advisory opinions. *See, e.g., California v. Texas*, 593 U.S. 659, 673 (2021).

Fontalvo-Pelaez fails to demonstrate standing to advance his cause in federal court. Accordingly, the Court recommends his petition be dismissed without prejudice and the relief requested be denied.[3]

IT IS SO ORDERED this 22nd day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Garrett's other arguments assume jurisdiction of the claims. The Court need not address these arguments.